

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2008

# Bansal v. Microsoft Hotmail

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bansal v. Microsoft Hotmail" (2008). *2008 Decisions.* Paper 1469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-136                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4515
_____

AKHIL BANSAL,
                                                                    Appellant

v.

MICROSOFT HOTMAIL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-04029)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed March 7, 2008)
_____

OPINION
_____

PER CURIAM

        Akhil Bansal is currently incarcerated at the Federal Detention Center in

Philadelphia.  In 2007, he filed a pro se lawsuit for civil damages against Microsoft

Hotmail alleging violations of the Stored Communications Act, 18 U.S.C. § 2701 et seq.

("SCA"), the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (the "Crime Control Act"), the Pennsylvania Wiretapping Act, 18 Pa.C.S. 5741 et seq., and violations of his rights to privacy under common law. Proceeding pro se and in forma pauperis ("IFP"), Bansal appeals the District Court's dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The relevant facts are as follows. At some point, Bansal set up an e-mail account with Microsoft Hotmail. In 2006, Bansal was convicted in federal court of multiple counts related to his illegal, internet sales of pharmaceuticals. In the course of the criminal investigation, the government issued several subpoenas and warrants to Microsoft Hotmail, ordering it to divulge emails and furnish information regarding Bansal's account. Microsoft Hotmail complied pursuant to these court orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Bansal is proceeding IFP, we will dismiss his appeal if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The SCA prohibits "intentionally access[ing] without authorization a facility through which an electronic communication service is provided; . . . or intentionally exceed[ing] an authorization to access that facility; . . . thereby obtain[ing] . . . access to . . . [an] electronic communication while it is in electronic storage . . . ." 18 U.S.C. § 2701(a). It authorizes a private right of action for monetary damages under § 2707. However, § 2701(c) of the act excepts "entit[ies] providing a wire or electronic

2

communications service," and we have interpreted the act as exempting searches of stored electronic communications by the party providing the communications service. Fraser v. Nationwide Mutual Insurance Co., 352 F.3d 107, 115 (3d Cir. 2003). Furthermore, the SCA exempts all parties acting pursuant to a court order from liability. 18 U.S.C. § 2707(e).

Bansal's claim under the SCA is meritless. Microsoft Hotmail is excepted from liability under §2701 from Bansal's suit, because it is the communications service provider for his email account. See Fraser, 352 F.3d at 115. Furthermore, as evidenced by the attachments to Bansal's complaint, Microsoft Hotmail's actions with regards to his account were in compliance with a court order. Thus, his claim cannot succeed. See 18 U.S.C. § 2707.

Similarly, Bansal's claims under the Crime Control Act cannot succeed. Like the SCA, the Crime Control Act exempts "providers of . . . electronic communication services" from liability if they have disclosed information pursuant to a court order. 18 U.S.C. § 2511(2)(a)(ii); see also id. § 2502(d)(1)(the civil damages provision of the Crime Control Act relieves a party from liability if it acts in good faith compliance with a court order). Because Microsoft Hotmail disclosed the contents of Bansal's emails pursuant to a court order, it cannot be liable under the statute.

Because the appeal is meritless, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). Neitzke, 490 U.S. at 325.

3